JAP:HLJ

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------X

UNITED STATES OF AMERICA           C O M P L A I N T

   - against -                       (18 U.S.C. § 1709)

GARRY GRIFFIN,

        Defendant.

-------------------------------X

EASTERN DISTRICT OF NEW YORK, SS.:

      JONATHAN JIMENEZ, being duly sworn, deposes and says that he is a Special Agent for the United States Postal Service, Office of Inspector General ("OIG") duly appointed according to law and acting as such.

      On or about January 19, 2012, within the Eastern District of New York, the defendant GARRY GRIFFIN, being a Postal Service employee, did knowingly and unlawfully steal, abstract and remove from a package articles and things contained therein.

      (Title 18, United States Code, Section 1709)

      The source of your deponent's information and the grounds for his belief are as follows:[1]

      1. Beginning December 2, 2011, OIG Special Agents received information regarding complaints from GameFly, a subscription based mail-order service for video games, who had

---

[1] Because the purpose of this Complaint is to state only probable cause, I have not described all the relevant facts and circumstances of which I am aware.

received complaints from its customers in the South Richmond Hill area of Queens, New York, claiming that they did not receive the games they had ordered.  Investigation by myself and others further disclosed that GARRY GRIFFIN was the letter carrier for mail carrier route 39, the route that corresponded with the addresses associated with the majority of the GameFly complaints.

2.   The defendant GARRY GRIFFIN, has been a regular utility mail carrier with the Postal Service since March 3, 2007.

3.   On or about January 18, 2012, I prepared a "test package" addressed to Seth Ryan, 1180 Liberty Avenue, South Richmond Hill, New York, 11419.  The test package had GameFly packaging and contained a GameFly video game and an electronic monitoring device, which was designed and placed in the package in such a manner as to activate an alarm if the package was opened.

4.   On or about the morning of January 19, 2012, the test package was placed with package mail for route 39; which was to be sorted and delivered by the defendant GARRY GRIFFIN.  The test package was addressed to a fictitious addressee on route 39.  If handled properly, the test package should have been stamped with a "No Such Number" label and kept with the other "No Such Number" mail accumulated by the South Richmond Hill Post Office Station.  "No Such Number" mail is eventually returned to the sender, which, for the test package, was an address in Austin, Texas.

5. From approximately 7:30 a.m. until 10:15 a.m. on January 19, 2012, together with other OIG Special Agents, I surveilled the defendant GARRY GRIFFIN while he was performing his duties inside the South Richmond Hill Post Office Station. During that time, the defendant placed the test package, into a delivery bin instead of depositing it into the bin for "No Such Number" mail.

6. Between approximately 10:30 a.m. and 11 a.m., the defendant GARRY GRIFFIN left the South Richmond Hill Post Office Station in his carrier vehicle heading in the direction of his delivery route.

7. At approximately 1:40 p.m., the defendant GARRY GRIFFIN stopped the delivery of his assigned route and parked at Liberty Avenue and Lefferts Blvd, Queens, NY. OIG Special Agents maintained surveillance and moments later they heard the electronic monitoring device go into the alarm mode, indicating that the test package had been opened.

8. Immediately thereafter, OIG Special Agents approached the defendant's carrier vehicle and observed the opened test package in the rear of the carrier vehicle. The contents of the package were removed and visible.

9. The defendant was placed under arrest and transported to the field office for the U.S. Postal Service, Office of the Inspector General. The defendant was advised of his Miranda rights orally and in writing. At approximately 2:30 p.m., the defendant waived his Miranda rights in writing and

stated in sum and substance that he had been stealing GameFly games from his mail route during 2011 and 2012 and that he had stolen games at his residence. The defendant consented to a search of his residence. Together with other agents, I searched the defendant's residence where we found approximately 13 GameFly games.

WHEREFORE your deponent respectfully requests that the defendant GARRY GRIFFIN be dealt with according to law.

_____
JONATHAN JIMENEZ
Special Agent

Sworn to before me this
20th day of January 2012

_____
THE HON. JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK